1872.]        OF THE STATE OF NEW YORK.        457

Arend *v.* The Liverpool, New York and Philadelphia Steamship Co.

OTTO AREND, Respondent, v. THE LIVERPOOL, NEW YORK
AND PHILADELPHIA STEAMSHIP COMPANY, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1872.)

A cask of wine, shipped with defendants, was received by them in good
order, and they undertook for a reward to deliver it at its destination,
stipulating against liability by loss from leakage, damage from stowage,
straining or other peril of the seas. The cask arrived in good condi-
tion, but without any contents. In an action brought to recover for the
loss, the defendants set up as a defence that the wine had leaked out,
and also contested the alleged value.

*Held*, that evidence of a stevedore as to his experience of the effect of
heavy weather on fluids in casks during a sea voyage, and also as to the
condition of the other casks containing fluids that came out of the ves-
sel at the same time as this one, was properly excluded.

Also that a motion for a nonsuit, on the ground that plaintiff had not
shown that the government duties had been paid on the wine, and a cus-
tom-house permit obtained to land it, was properly denied.

Also, the cause of action having been assigned by the owner of the wine
to plaintiff, that a question put to the assignee as a witness, as to the
consideration of the assignment, was properly overruled.

Also, that a question whether this wine did not often deteriorate coming
to this country was properly excluded.

A custom-house officer, who kept an entry of an application for a permit
to land this cask of wine, was asked what he found in his memorandum
as to the valuation of this cask,—*Held*, properly excluded, there being
no evidence to connect the importer with the memorandum.

A witness acquainted with custom-house business and regulations was
asked to state under what circumstances and on what regulations free
permits are given at the custom department. *Held*, properly excluded.

*Held*, also, that the cask having been received in good order, the defend-
ants were bound to show that the loss occurred within some clause of
the bill of lading exempting them from liability; and that proving that
the ship had a tempestuous voyage, that the cargo was well stowed, and
that the hatches were properly secured, &c., did not tend to shift the
burden of proof.

THIS was an appeal from a judgment entered in favor of
the plaintiff, on the verdict of a jury, for $522.20, the value of
a cask of wine. The material facts are stated in the opinion.

Arend *v.* The Liverpool, New York and Philadelphia Steamship Co.

*J. W. Gerard, Jr.,* for the appellants.

*Chas. Wehle* and *L. H. Rowan,* for the respondents.

Present—LEONARD and GILBERT, JJ.

LEONARD, J.  A cask of wine, shipped from Antwerp to Liverpool, was received in good order by the defendants, as appears from their bill of lading; and they undertook, for a reward, to deliver it at New York, stipulating against liability by loss from leakage, damage from stowage, straining or other peril of the seas.

The cask arrived at New York in March, 1868, in good condition, but without any contents.

The defendants set up, as an affirmative defence, that the wine leaked out.   They also contested the alleged value.

The defendants attempted to prove several remote and indirect facts and circumstances, from which it was sought to be inferred that the loss occurred from leakage in some manner, which the court excluded, and defendants excepted.   A stevedore was asked as to his experience of the effect of heavy weather on fluids in casks during a sea voyage; and also as to the condition of the other casks containing fluids, that came out of the vessel at the same time as this.   It was not offered to be shown that casks, perfectly sound at the termination of the voyage, ever lost the fluids which had been put into them, in consequence of severe or heavy weather during the voyage.   Any experience short of this would fall far short of justifying a legal conclusion that this wine was lost from a sound cask by stress of weather.   The evidence was wholly immaterial and properly excluded.

A motion was made to dismiss the complaint at the close of the plaintiff's evidence, for the reason that he had not proven that the government duties had been paid on the wine, and a custom-house permit obtained to land it.

This omission in no manner excused the want of wine in the cask.   It was nonsense to require the plaintiff to pay

duty, or produce a permit to land a cask of wine, when the wine was gone.

The importer of the cask of wine, after learning that the defendants had suffered a loss of the wine, assigned his claim against the defendants to the plaintiff, who brought the action. The assignor was asked, on cross-examination, what he sold it for to the plaintiff.

It was insisted that it would tend to show bias and interest in the witness; the price for which the claim sold was immaterial, and might tend to prejudice the mind of the jury. The assignor had no legal claim against his assignee in respect to the price. Interest or bias do not disqualify a witness. It may be taken into consideration in weighing the value of evidence, but there would be no legitimate inference as to interest or bias against the witness on account of the price.

Another witness was asked if this wine did not often deteriorate in coming to this country. An exception was taken to its exclusion. The wine not having been delivered, it was purely conjectural whether it would have deteriorated. It was not claimed that such wine always deteriorated. The inquiry could prove nothing certain or material as to the wine in this case.

A custom-house officer, who kept an entry of an application for a permit to land this cask of wine, was asked what he found on his memorandum as to the valuation of this cask. It was excluded by the judge, unless evidence should be given to connect the importer with the memorandum. This rule was correct. It was worse than hearsay, unless the memorandum was brought to the knowledge of the importer at the time it was made or while he remained the owner.

A witness, acquainted with custom-house business and regulations, was asked to state under what circumstances, and on what valuations, free permits are given at the custom department. The question was excluded, and an exception taken. The inquiry tended to prove nothing material. It was not shown that the importer had applied for a free permit. It was not claimed that there was any statute about

permits. It was of no consequence what were the rules or regulations of the custom-house. It does not follow that those rules are always observed. I believe it is not unusual for the officials to disregard them wholly.

The cask having been received in good order, the defendants were bound to prove that the loss occurred within some clause of the bill of lading exempting them from liability; proving that the ship had a tempestuous voyage, that the cargo was well stowed, and that the hatches were properly secured, &c., did not tend to shift the burden of proof.

The cask was in good order on arrival, showing that the severe weather had not injured it, and, consequently, that the loss of the wine did not happen from that cause; at least, that question could not be taken from the jury, as requested at the close of the evidence. There could be no conclusive presumption, in this case, that the wine was lost by stress of weather or peril of the seas.

The matters embraced in the third and fifth requests of defendants' counsel to the court, in relation to the charge, are mere questions of fact, and were fully covered by the charge as given.

The judgment should be affirmed, with costs.